PALMISANO and wife, Respondents, vs. GAGLIANO, Appellant.

*September 9—October 8, 1957.*

436

For the appellant there was a brief by *Hersh & Magidson* of Milwaukee, and oral argument by *Frederick Hersh*.

For the respondents there was a brief and oral argument by *Sidney Usow* of Milwaukee.

BROWN, J. The evidence is in dispute but the court found the fact to be that the down payment for the property

was made by Mr. Palmisano. This is not contrary to the great weight and clear preponderance of the evidence. Thereafter Palmisano made certain payments on repairs and at least one instalment payment. Mrs. Gagliano made the other necessary payments but she collected most of the rents, which should be applied to those purposes. At income-tax time she furnished Palmisano the figures concerning the receipts and disbursements on the property so that he could report them in his income-tax returns. The parties agree that Mr. Gagliano discovered that the property had been purchased a few months after the contract of purchase was executed. Even under Mrs. Gagliano's theory there was no further need for secrecy but she did not assert a claim of ownership or make any effort to have the title transferred into her name, although the Palmisanos were not using the property as a home and had moved to the village of Shorewood.

The trial court determines the weight and credibility of the evidence. The conduct of the parties after the premises were rented is not perfectly consistent with a claim of equitable title in either of the claimants. The fact remains that the trial court found on competent, credible evidence that the initial payment on the contract was made by the Palmisanos with their own money. This finding disposes adversely of appellant's contention that she intrusted the Palmisanos with her money or property, to be held or used by them for her benefit. Unless she did so intrust them no constructive trust was called into being. Upon the Palmisanos' $300 down payment, equitable as well as legal title to the real estate rested in them. Mrs. Gagliano's management of their property could not shift the equitable title to her under any principle of law of which we are aware. The trial court's conclusion of law that the circumstances have not created a constructive trust in favor of the appellant is correct.

*By the Court.*—Judgment affirmed.